9UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID AARON MEZA

    Petitioner,                                               Civ. Case No.: 8:15-cv-869-T-24AEP
                                                            Cr. Case No.:  8:11-cr-265-T-24AEP

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause comes before the Court on Petitioner David Aaron Meza's *pro-se* motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1; Cr. Dkt. 40). Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.    BACKGROUND**

On February 28, 2012, Petitioner pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of  possession of a firearm in furtherance of a drug trafficking crime in violation of of 18 U.S.C. § 924(c). On May 21, 2012, this Court sentenced Petitioner to 130 months of incarceration followed by a 36 month term of supervised release. (Cr. Dkt. 34). Petitioner did not file a direct appeal. Petitioner filed this motion, his first under 28 U.S.C. § 2255, on April 10, 2015. (Civ. Dkt. 1; Cr. Dkt. 40). Petitioner did not date his motion nor did he certify the exact date he mailed it other than April, 2015.

## II.     TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for filing a § 2255 motion. *Lopez v. United States*, 512 F. App'x 1001, 1003 (11th Cir. 2013) (citing 28 U.S.C. § 2255(f)). The one-year period runs from the latest of the following four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion is not dated other than April, 2015, but the Court will deem it to have been filed on April 1, 2015. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

### A. Timeliness Under § 2255(f)(1)

Under § 2255(f)(1), "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under the Federal Rules of Appellate Procedure, a criminal defendant's "notice of appeal must be filed in the district court within 14

days after . . . the entry of either the judgment or the order being appealed" and "[a] judgment or order is entered for purposes of . . . Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(1)(A)(i) and (b)(6).

The Court entered judgment on May 21, 2012. (Cr. Dkt. 34). Petitioner did not file a direct appeal, and his judgment of conviction became final on June 5, 2012, when the 14 day period to file a notice of appeal expired. Under § 2255(f)(1), Petitioner had until June 5, 2013, to file a § 2255 motion. Petitioner's § 2255 motion was filed on April 1, 2015, and Petitioner therefore cannot rely on § 2255(f)(1) to establish the timeliness of his motion because his motion was filed over two and one-half years after his judgment of conviction became final.

### III.   CONCLUSION

Petitioner's motion is untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final. Accordingly, Petitioner's § 2255 motion (Civ. Dkt 1; Cr. Dkt. 40) is **DISMISSED** as untimely. Petitioner is not entitled to a hearing on his motion because it is untimely. The Clerk is directed to enter judgment for the United States and close the civil case.

### <u>CERTIFICATE OF APPEALABILITY AND</u>
### <u>LEAVE TO APPEAL IN FORMA PAUPERIS DENIED</u>

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To

make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of April, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro Se* Petitioner