**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID AARON MEZA,

    Petitioner,

v.

                                  Case No.: 8:11-cr-265-T-24-AEP

United States of America,

    Respondent.

## ORDER

This cause comes before the Court on *pro se* Petitioner David Aaron Meza's Motion Under 60(B) Premised on 922(g) (Dkt. 45). The Court, having reviewed the motion and being otherwise advised, concludes that the motion should be denied.

**I.**    **BACKGROUND**

On February 28, 2012, Petitioner pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of of 18 U.S.C. § 924(c). On May 21, 2012, this Court sentenced Petitioner to 130 months of incarceration followed by a 36 month term of supervised release. (Dkt. 34). Petitioner did not file a direct appeal. Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, on April 10, 2015. (Dkt. 40). On April 16, 2015, this Court dismissed Petitioner's § 2255 motion as untimely. (Dkt. 41).

Petitioner's instant motion purportedly seeks relief pursuant to Fed. R. Civ. P. 60(b). (Dkt. 45).

**II.    DISCUSSION**

Defendant has styled his instant request for relief as one pursuant to Rule 60(b) rather than § 2255, claiming that the judgment of the district court should be vacated and the case remanded for resentencing because Petitioner was sentenced based on an "erroneous violation of 922 (g)." (Dkt. 45). Specifically, Petitioner argues that he received ineffective assistance of counsel due to his counsel's failure to conduct a meaningful independent investigation of the government's evidence and challenge the sufficiency of the evidence to convict Petitioner under 18 U.S.C. § 922(g). *Id.*

In *Gonzalez v. Crosby,* 125 S. Ct. 2641, 2645-48 (2005), the Supreme Court explained that a Rule 60(b) motion containing one or more "claims" for relief, *i.e.,* "an asserted federal basis for relief from a ... judgment of conviction," is in substance a successive petition, or at least sufficiently similar to one to be treated accordingly. 125 S. Ct. 2641, 2647 (2005). Here, Petitioner's motion reasserts claims for relief based ineffective assistance of counsel that were previously raised in his § 2255 motion. Therefore, the Court will treat Petitioner's instant motion as a second or successive habeas petition.

A motion that sets forth a claim which, is in substance a successive habeas petition, must comply with the successive-petition rules of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2255(h). Thus, petitioner is required to obtain the permission of the Eleventh Circuit Court of Appeals prior to filing a successive § 2255 petition. 28 U.S.C. § 2255. Because petitioner has not done so, the Rule 60(b) motion for relief must be dismissed.

**III.   CONCLUSION**

Accordingly, on the basis of the foregoing, Petitioner's Motion Under 60(b) Premised on 922(g) (Dkt. 45) is **DISMISSED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of August, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: *Pro se* Petitioner